968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles L. REYNARD, Jr., Plaintiff-Appellant,
v.
MONTGOMERY COUNTY JAIL; Lieutenant Keys, Defendants-Appellees.
 No. 92-6249.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 30, 1992
Decided: July 23, 1992
 
 Charles L. Reynard, Jr., Appellant Pro Se.
 Carole Marie Agee, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellees.
 Before WIDENER, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles L. Reynard, Jr., appeals the district court's order granting summary judgment to Defendant in his action brought pursuant to 42 U.S.C. § 1983 (1988). We interpret Reynard's letter seeking appeal as a motion to reopen the time for appeal pursuant to Fed. R. App. P. 4(a)(6), and remand to the district court.
 
 
 2
 The district court granted Defendant's motion for summary judgment by order entered on September 6, 1991. Reynard filed a "Motion for Appeal" in the district court on February 26, 1992. Appellees argue that Reynard's notice of appeal, dated February 23, 1992, was untimely under Fed. R. App. P. 4, which requires the notice of appeal to be filed within thirty days from the entry of the district court's order. They therefore contend that this Court is without jurisdiction to hear the appeal.
 
 
 3
 The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 200, 229 (1960)). However, Rule 4(a)(6) was amended, effective on December 1, 1991, and now provides:
 
 
 4
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 5
 Fed. R. App. P. 4(a)(6).
 
 
 6
 The district court's docket sheet shows that final judgment was entered on September 6, 1991, and copies were sent to the parties. However, an entry dated September 16, 1991, states"RETURN OF order filed 9-6-91 marked not here. (Montgomery County Jail fwd. to Winchester Co. Jail-not here either)." Reynard states in his notice of appeal that he received notice of the judgment only days before.
 
 
 7
 In view of the evidence suggesting Reynard did not receive notice of the judgment within twenty-one days of its entry, we remand to the district court for findings pursuant to Fed. R. App. P. 4(a)(6). See Cruz v. Beto, 405 U.S. 319 (1972) (pro se complaints held to less stringent standards than those drafted by attorneys); Coppedge v. United States, 369 U.S. 438, 442 n.5 (1962) (liberal view of papers filed by indigent and incarcerated appellant to preserve appellate jurisdiction).
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REMANDED